[No. 4868. Decided December 13, 1904.]

WILLIAM A. DUNN *et al., Appellants,* v. KEMP & HEBERT *et al., Respondents.*[1]

NEGLIGENCE—DANGEROUS PREMISES—FALL DOWN A STAIRWAY IN A STORE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT. In an action for personal injuries sustained by a customer in a store in falling down a stairway, a verdict for the defendants is properly directed when it appears from the plaintiff's evidence that she fell down the entrance to an ordinary stairway, which was protected on all sides except the entrance, and which was not in the main aisle of the store, that it was light and within twenty feet of windows, and there were lights in the basement, and that plaintiff was wearing darkened glasses to protect her eyes from the light, and could have seen the stairway if she had looked down.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered July 8, 1903, upon the

1Reported in 78 Pac. 782.

verdict of a jury rendered in favor of the defendants, by direction of the court, in an action for personal injuries sustained in falling down a stairway.  Affirmed.

*James Dawson,* and *Nash & Nash,* for appellants.

*Danson & Huneke,* for respondents.

MOUNT, J.—Appellants brought this action against respondents to recover damages for personal injuries.  The negligence alleged in the complaint is that the respondents, who were merchants, carelessly and negligently maintained an open and unguarded hatchway on the main floor of their store building, where persons entering and using said store for the purposes of trading therein were liable to fall into said hatchway.  It is then alleged that appellant Eva L. Dunn, on December 21, 1902, while in said store building for the purpose of dealing with said respondents, fell through said hatchway to the basement beneath, breaking her right arm, and otherwise bruising her.  The answer of the defendants denied the allegations of the complaint, and alleged contributory negligence on the part of said Eva L. Dunn.  When appellants had introduced all their evidence, the lower court, upon motion of respondents, directed a verdict in favor of respondents.  From this order the plaintiffs appeal.

The only question presented on this appeal arises upon the evidence and is, did the court err in holding that the plaintiffs' evidence showed no negligence of defendants, but did show contributory negligence on the part of appellant?  The evidence shows that respondents' store building is one hundred and twenty feet long, north and south, by one hundred feet wide, east and west.  The entrance is at the south.  Near the north end of the store, a stairway four feet wide leads from the main floor to the basement.  This stairway faces west, while the main aisle

of the store runs north and south. At each side of the stairway, railings are provided, terminating at newel posts on each side of the entrance to the stairway. Tables were placed along each of the railings surrounding the stairway, except at the entrance, which was open. On the day of the accident, plaintiff Eva L. Dunn entered the store and told one of the clerks that she wanted to see some waists. She was directed to go around to the next counter. She went around to the next counter and saw no waists, but, looking past the stairway, saw some waists, and started to go to them, when she walked into the stairway and fell to a landing some six feet down the stairway. She was wearing colored glasses at the time, to protect her eyes from the light. She says she could have seen the stairway if she had looked down. She was looking ahead of her and did not see it.

We have carefully read over the evidence, and we think no negligence whatever on the part of respondents is shown. The stairway was an ordinary stairway, protected on both sides by railings and tables next thereto. It was not in the main aisle of the store, but was crosswise thereto, so that a person intending to enter the stairway must turn at right angles from the aisle. It is not negligence *per se* to maintain a stairway in a store or public place (*Larkin v. O'Neill,* 119 N. Y. 221, 23 N. E. 563); and yet this is the only negligence which from the evidence can reasonably be claimed. There appears to be nothing unusual or dangerous about the stairway or its construction. No man of ordinary prudence would suppose that any one, possessed of his natural faculties, would fall down it in the daytime. It is true, appellant says it was dark at the stairway, but she was wearing darkened glasses. Other witnesses state it was light there; that the stairway was within twenty feet of win-

dows; that it was broad daylight, being about 1:30 in the afternoon at the time of the accident. There were lights in the basement. Appellant could readily see and distinguish waists some distance past the stairway. But, conceding that the stairway was dark, it is shown that she was in the light, and, according to her own statement, could see past the stairway and distinguish goods beyond, and could have seen the stairway if she had looked. It passes comprehension that, under the circumstances shown, one could in the light walk up to the stairway, turn at right angles, and fall down it, without being negligent. We think the court properly granted the motion upon both the grounds stated.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.