[No. 6987.   Decided January 7, 1908.]

## EMMA F. STONE et al., Appellants, v. SMITH-PREMIER TYPEWRITER COMPANY et al., Respondents.[1]

NEGLIGENCE — DANGEROUS PREMISES — TRAPDOOR — CONTRIBUTORY NEGLIGENCE. A customer in a store is not guilty of contributory negligence, as a matter of law, in falling down a trapdoor, at the back of a storeroom near a counter where goods were displayed, where she stepped back from the counter to make room for a clerk, and did not know of the existence of, or see, the trapdoor.

SAME—PARTIES LIABLE. In an action by a customer of one of two occupants of a storeroom against two occupants of the premises, for damages sustained in falling down a trapdoor at the side of the room visited by the customer, a nonsuit is properly directed as to the occupant of the other side of the room, where it is not shown that he had any control over the trapdoor other than a mere license to use it, and it is not shown who left the door open.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 10, 1907, in favor of the defendants, dismissing an action for personal injuries sustained in falling down a trapdoor stairway. Affirmed in part and reversed in part.

*Samuel R. Stern,* for appellants.

*J. D. Campbell,* for respondent Smith-Premier Typewriter Company.

*S. P. Domer,* for respondent Buckley.

Root, J.—Appellants brought this action to recover damages for personal injuries received by Emma F. Stone in falling down a trapdoor stairway leading to a basement underneath a storeroom occupied by respondents, on the south side of Riverside avenue, in the city of Spokane. At the close of plaintiffs' evidence, the case was dismissed as to both the defendants. From the judgment of dismissal, this appeal is taken.

[1]Reported in 93 Pac. 209.

Respondent Buckley occupied the west side of the store-room with millinery goods. The east side was occupied by the typewriter company with desks and typewriting machines and material. At the rear of the store was a workroom used by Mrs. Buckley. This room was entered through a door on the west side covered by portiers. A counter extended along the west side of the store, and between the same and the portiers was a trapdoor which, when raised, left an opening twenty-seven inches wide and eight feet long. The south end of this opening extended beyond the outer line of Mrs. Buckley's counter about fourteen inches. The following diagram will show substantially the situation at the time of Mrs. Stone's injury:

1—Where Mrs. Stone fell down stairway.

Dotted Line—Mrs. Stone's course down aisle.

2—Where clerk stood showing hats.

The distance from the trapdoor to the partition was 14 inches.

Mrs. Stone entered the store and stopped at the counter to look at some hats. After standing there some time, she passed on to another counter at the rear of the store next to the workroom. In so doing she passed by the trapdoor. She did not see the trapdoor or opening, and testifies that she had never seen them and did not know of their existence, although she had traded in the store at various times during the past four years. While looking at hats at the rear of the store,

she stepped back to make room for a clerk who was reaching over for a hat, and in doing so stepped into the opening and fell down the stairway, sustaining severe injuries. The trial court took the view that Mrs. Stone must have seen, or might have seen, the opening, and that she was therefore guilty of contributory negligence which defeated her right of action.

We are unable to reach this conclusion as a matter of law. We think that, under the circumstances shown, it was for the jury to say whether or not she was guilty of negligence. The law requires a storekeeper to maintain his storeroom in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety. A customer entering a store of this character is required to use that degree of care and prudence which a person of ordinary intelligence, care and prudence would exercise under the same circumstances, As to whether Mrs. Stone exercised that degree of care and prudence in this instance is a question upon which we think reasonable minds might differ. This being true, it became a question of fact for the jury. We think the facts herein shown clearly distinguish this case from that of *Dunn v. Kemp & Herbert*, 36 Wash. 183, 78 Pac. 782, which is relied upon by respondents.

It is urged, however, that the judgment should be affirmed as to the typewriter company, and we think this contention must be upheld. The trapdoor opening was upon the side of the store used by Mrs. Buckley. While both she and the typewriter company had goods stored in the basement and occasionally used the trapdoor opening, yet it does not appear that the typewriter company had any control over the trapdoor other than a mere license to go down the opening when necessary. It does not appear how long the trapdoor had been open, nor who left it open at the time of this accident, which occurred between five and six in the afternoon. Mrs. Stone testified that she did not see any one in the part of the

store occupied by the typewriter company, and there is no evidence that any one was there at that time. We do not think the evidence establishes any liability against the company.

The judgment of the honorable superior court will be affirmed in so far as it affects the typewriter company, and reversed and remanded for further proceedings in so far as it affects the respondent Buckley.

HADLEY, C. J., CROW, MOUNT, and FULLERTON, JJ., concur.