[No. 9336. *En Banc.* April 24, 1911.]

## C. H. EMMONS *et al.*, *Respondents*, v. CHARLTON & COMPANY, *Appellant.*[1]

NEGLIGENCE—DANGEROUS PREMISES — CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The evidence is sufficient to show negligence in the maintenance of a stairway in a store, and does not show contributory negligence, where it appears that the stairway was not lighted and was obscured by tables and wares and was not visible to one approaching it until arrival upon it, that the aisle going by it at right angles was crowded with shoppers, and a customer, jostled by the crowd and going straight ahead past the stairway without being able to see it, fell down the stairs when she stepped aside in meeting a person going in the opposite direction.

[1]Reported in 115 Pac. 163.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 2, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for personal injuries sustained by falling down a stairway.   Affirmed.

*Farrell, Kane & Stratton,* for appellant.

*Brightman & Tennant,* for respondents.

MOUNT, J.—Action for personal injuries.   The plaintiffs recovered a judgment for $500, and the defendant has appealed.

It appears that the defendant was conducting a store in the city of Seattle, where the public was invited to enter and purchase goods which were offered for sale.   This store was about 118 feet long by 52 feet wide on the main or first floor of the building.   About the center of the store, and crosswise thereof, a stairway, eight feet in width, led to the basement. About 12 feet down this stairway there was a landing where a small room was provided for a rest room for patrons.   At this landing, the stairway made a right angle and continued on to the basement. . The whole floor of the storeroom was occupied by numerous tables upon which wares were displayed.   Aisles between these tables extended both lengthwise and crosswise of the room.   One of the main aisles extended past the head of the stairway mentioned.   A cross-aisle extended to the stairway.   An iron bannister or guard, three feet high, extended around three sides of the stairway. Tables had been placed up to these bannisters, which tables contained wares, and on top of these, other small tables were placed, also holding wares; and on the floor beneath these tables, baskets were placed, also containing wares.   So that neither the stairway nor the bannisters were visible to persons on the main floor, except perhaps immediately at the head of the stairway.   One looking down the aisles lengthwise of the store could not see any indication of a stairway.

On December 14, 1909, at about 3:30 o'clock in the afternoon, the plaintiff Amanda Emmons entered the store for the purpose of purchasing some articles therein. She inquired of a lady working there where she could find the article, and was directed to go down an aisle. The plaintiff had been in the store but once before, and did not know of the stairway or its location. She testified that the store was crowded with shoppers, and that she started to go down the aisle as directed, following the crowd and being jostled by the crowd and by persons going in the opposite direction; that when she came to the stairway, which she did not see and did not know about, going at right angles thereto and straight ahead, she stepped unsuspectingly into the stairway, and fell down to the first landing. She also testified that the stairway was not lighted and was obscured by tables around it. The result was a broken arm and other bruises. A witness for the defendant testified that, while sitting in the rest room across the landing on the stairway, and while she was looking up the stairway, she saw the plaintiff fall, that just before the plaintiff fell, she met a lady going in the opposite direction, and that the plaintiff, in order to let the lady pass, stepped aside, and thereby fell down the stairway. There was some dispute in the evidence as to the extent of the light at the point of the stairway, some of the witnesses saying bright lights were burning all around near and in the rest room, across the landing, on the stairway, and that the curtains at the entrance to the rest room were open. Others testified that the stairway was not lighted, but that it was shaded from the lights in the store by the surrounding tables, and that the stairway was not readily visible. The doctor who was called to attend the plaintiff at the time of her injury experienced some difficulty in finding the stairway after he had been told to "go down stairs," because, he said, "I . . . had to go clear to the stairway before I could see it." He did not remember the condition of the lights.

The defendant relies upon the case of *Dunn v. Kemp &*

*Hebert*, 36 Wash. 183, 78 Pac. 782. There is much simi-
larity between that case and this. There are these distinc-
tions, however, which seem to be very material. The stair-
way in the *Dunn* case was an ordinary stairway, protected on
both sides by railings and tables next thereto. These things
marked the stairway so that from a distance it was visible to
one approaching it; while in this case the stairway was ob-
scured by tables and wares, so that it was not visible to one
approaching it until arrival upon it. In this case, also, the
aisles in the store appear to have been crowded with patrons,
which was not unusual; so that the plaintiff was compelled
to move along with the crowd, and naturally would not be
looking for a stairway in the path of her progress. She
testified that she was going straight ahead, following the
crowd, when she fell into the stairway, not suspecting there
was any stairway on that floor. These distinctions seem to be
material, because they show that the stairway in this case
was in the nature of an open trapdoor in the line of ordinary
travel in the store, rather than an ordinary stairway plainly
visible as in the *Dunn* case. It is controlled, therefore, by
the reasoning in *Stone v. Smith-Premier Typewriter Co.*,
48 Wash. 204, 93 Pac. 209. The negligence of the defend-
ant consists in so concealing the stairway that a person not
acquainted with it would not see it readily upon approaching
it.

We are of the opinion that the evidence was sufficient to
show negligence of the defendant in the particular above
named, and that the plaintiff was not necessarily guilty of
contributory negligence. The judgment is therefore af-
firmed.

DUNBAR, C. J., PARKER, FULLERTON, CHADWICK, GOSE,
MORRIS, and CROW, JJ., concur.