[No. 9544. Department Two. June 2, 1911.]

MATILDA C. CHILBERG et al., Respondents, v. STANDARD FURNITURE COMPANY, Appellant.[1]

NEGLIGENCE—DANGEROUS PREMISES—DEGREE OF CARE—CUSTOMARY METHODS. It is not negligence for a dealer in carpets to display the same in a well-lighted room upon a smooth hard wood floor, or to leave a small carpet upon the floor for a time after it had fulfilled its use in the display, where that was the usual custom of ordinarily prudent carpet dealers; and accordingly it is not liable for injuries sustained by a customer in slipping and falling on the floor or the small carpet, no negligence being shown.

Appeal from a judgment of the superior court for King county, Main, J., entered October 21, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a customer in a store falling upon the floor. Reversed.

*Farrell, Kane & Stratton* and *Richard Saxe Jones*, for appellant.

*Roberts, Battle, Hulbert & Tennant*, for respondents.

MORRIS, J.—Appellant is the owner of a large furniture and carpet store at Seattle. On April 28, 1909, Mrs. Chilberg visited the store for the purpose of purchasing some carpet. She was conducted to the carpet department, and

[1]Reported in 115 Pac. 837.

there various carpets were exhibited to her. The carpet department is in a large, well-lighted room, having a maple floor which is smooth and hard. The method of showing goods to an intending purchaser is to display them upon this hard floor, seeking to produce as near as possible the appearance of the carpet when laid. In exhibiting the carpets to Mrs. Chilberg, the clerk, after rolling out two lengths from a large roll, and placing them side by side upon the floor, picked up a third and smaller piece, called a drummer's sample, twenty-seven inches wide and from three to six feet long, as described by different witnesses, and placed it alongside of the other carpet on the floor, to show how it matched. Mrs. Chilberg made her selection, and then asked to be shown some stair carpet, and was directed by the clerk to follow him to another section. She proceeded to do so, and had gone about ten feet when she slipped and fell, sustaining the injuries complained of. She says she slipped on this small piece of carpet because, after falling, she saw it at her feet, although she cannot say how it was removed from the floor where she last saw it. She thinks the clerk must have picked it up and dropped it there, although she did not see him do so. The clerk says he left it on the floor alongside of the other carpet, and at no time removed it from where he had first exhibited it. However this may be, we do not regard it as having any controlling effect upon the question submitted upon defendant's appeal from an adverse judgment.

The first question to be determined, giving full effect to Mrs. Chilberg's testimony as to the manner of the accident, is, does it establish negligence? Negligence is a breach of duty which one person owes to another by reason of the relation existing between them, and the duty in each particular instance is to be tested by what the ordinarily prudent person would do in a like situation. It is shown to be customary for carpet dealers to exhibit their stock upon a hard wood floor, which by reason of the constant slipping of carpets over and upon it, is always smooth. It

is also the custom to permit the carpets, after being shown, to remain upon the floor a reasonable length of time until removed by a porter. This being the usual custom followed by ordinarily prudent merchants in the same line of trade, appellant was not guilty of negligence in adopting it, as its only duty to its customers was to maintain its display room in such a condition as a reasonably careful and prudent merchant would deem sufficient to protect customers from danger, while exercising ordinary care for their own safety. *Stone v. Smith-Premier Typewriter Co.*, 48 Wash. 204, 93 Pac. 209.

This rule must be applied with reference to the situation disclosed by the evidence, and appellant's apparent arrangement for the display of its goods to the best advantage both to itself and to its customers. With this in mind as the law, we cannot find that it unreasonably or unnecessarily exposed its customers to dangers. It was not required to so exhibit its goods or maintain its store as to warrant the safety of its customers from all injury or risk of danger. When it used such diligence as ordinarily prudent and good business men employed in like situations, it performed its whole duty. It was not negligence to display its carpets upon the floor, nor was it negligence to use a hard maple floor for that purpose, or to leave the small carpet upon the floor after it had fulfilled its use in the display. Mrs. Chilberg was accustomed to polished hard wood floors. She had them in her own home and knew rugs and small pieces of carpet upon such floors will sometimes slip when stepped upon. Such fact is within the knowledge of all men who enter the modern home with its rugs and hard wood floors. We cannot say that it was negligence for the appellant to maintain the same floor condition in its store that Mrs. Chilberg maintained in her own home; or that in inviting her to inspect its carpets upon such a floor, it heedlessly and unnecessarily exposed her to an unknown danger. The case does not fall within the principle announced in holding mer-

chants guilty of negligence when maintaining open and unguarded stairways, basement entries, and places of like character, or in permitting obstructions to remain upon its stairways or in its aisles, upon which the unwary are liable to step and fall.

Appellant having shown it followed the usual custom in the place and manner of its display of its merchandise, using the same method employed by ordinarily prudent men engaged in the same line of business, there being no evidence to the contrary, and the accident itself being no proof of negligence, there was no proof of negligence to submit to the jury, and the motion to dismiss should have been sustained.

Judgment reversed, and cause remanded with instructions to dismiss.

MOUNT, CHADWICK, CROW, and ELLIS, JJ., concur.