[No. 9800.   Department One.   January 12, 1912.]

MARY L. HOLLENBAEK, *Appellant*, v. J. H. CLEMMER, *Respondent*.[1]

NEGLIGENCE—DANGEROUS PREMISES—STEPS—EXIT OF THEATER. The mere fact that one step down is maintained at a side exit of a moving picture theater is not evidence of negligence, where the way was properly lighted.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered May 17, 1911, upon the verdict of a jury rendered in favor of the defendant by direction of the court, dismissing an action for personal injuries sustained by a visitor in leaving a theater.   Affirmed.

*Harris Baldwin*, for appellant.

*Skuse & Morrill*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover for personal injuries.   At the close of plaintiff's case, the trial court sustained defendant's motion for a directed verdict, and dismissed the action.   Plaintiff has appealed.

It appears that on October 11, 1910, the respondent was conducting a moving picture show in the city of Spokane. The plaintiff and two other ladies purchased tickets and entered the room where the pictures were being shown.   The exhibition was in progress when they entered.   The room was darkened.   When they entered, an usher met them at the entrance, and conducted them to seats about two-thirds of the way down an aisle.   They remained seated until the pictures had all been shown and a repetition was begun, when the plaintiff stated to her companions that it was time to go.   Plaintiff walked into the aisle on her way out of the building, and proceeded a short distance out by the way she had entered, when she was met by an usher and directed to go out through an exit at the side of the room.   She proceeded to the exit indicated, where a bright light was lo-

[1]Reported in 119 Pac. 1114.

cated directly in the corridor, and where there was a step down of about seven inches; an ordinary step to the floor of the corridor. She did not notice this step. She testified that the bright light dazzled her as she came out of the darkened room; and as she stepped into the corridor, she fell and broke her leg. The plaintiff had never been in the place before, and was not acquainted with the arrangement thereof.

It is argued by the appellant that it was negligence to maintain the step at that place, and also negligence to direct the plaintiff to depart by a way other than the way by which she had entered. There is no merit in these contentions. It is no doubt the rule that an owner of a place of public entertainment is charged with the duty to maintain a reasonably safe place for his patrons. 38 Cyc. 268. The mere fact that a step up or down, or a flight of steps up or down, is maintained at the entrance or exit is no evidence of negligence, especially if the step is in good repair and in plain view. There is no claim in this case that the step was in bad order or not properly lighted, or was not in plain view of any person who might use it. In *Dunn v. Kemp & Hebert*, 36 Wash. 183, 78 Pac. 782, we held that it was not negligence *per se* to maintain a stairway in a store or public place. It is not uncommon to find a step up at the entrance of places where the public is invited, and it is certainly not negligence, as a matter of law, to construct floors above the level of the streets or sidewalks. It follows that it was not negligence to maintain a step down at the exit in question. It is apparent that it was the plain duty of the plaintiff to use her sense of sight and look where she was stepping. If it was not negligence to maintain the step, it was not negligence for the defendant to direct the plaintiff to retire by that exit.

There was no error and the judgment is therefore affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.