[No. 15363.   Department Two.   March 19, 1920.]

JAMES DRISCOLL, *Respondent*, v. AGNOSTINO DEVENERE
et al., *Appellants*.[1]

NEGLIGENCE (6, 38)—DANGEROUS PREMISES—OPEN TRAP-DOOR—
EVIDENCE—SUFFICIENCY.  Negligence in maintaining an open trap-
door in a pool room is a question for the jury where there was
nothing to indicate its presence, the room was a little dark, and
the trap-door might have been obscured by one of the pool tables.

NEGLIGENCE (6)—CONDITION OF PREMISES—INVITEES.  To a person
entering a public pool room to await the pleasure of the owner in a
business matter, the owner owes a duty as an invitee rather than a
licensee.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered January 27, 1919,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
in a fall through an open trap-door, after a trial on
the merits.   Affirmed.

*King & Kerr,* for appellants.
*Plummer & Lavin,* for respondent.

MOUNT, J.—The plaintiff in this case was injured
by a fall through an open trap-door in the place of
business conducted by the defendants.  He recovered
a judgment of $550 upon a trial to the court and a
jury.  The defendants have appealed from that judg-
ment.

The appeal is based upon alleged error of the trial
court in not directing a verdict for the defendants.

The facts, as shown by the evidence on behalf of the
respondent, are briefly as follows:  Appellants were
conducting a store on Riverside avenue, in the city of
Spokane.  The front part of this store was used for

[1]Reported in 188 Pac. 408.

groceries. The back part was partitioned off by some goods and boxes, and used for a pool-room. In this pool-room were two pool-tables. On August 23, 1917, respondent went into the store to see appellants about some glass which Mr. Devenere, one of the appellants, desired. Mr. Devenere was engaged at the time respondent entered the store. Respondent thereupon went into the pool-room to await Mr. Devenere. While in the pool-room, he started to walk around one of the pool-tables, and fell into an open trap-door in the floor near the end of the pool-table, was precipitated into the basement and injured. Respondent and two other witnesses testified that the room was "a little dark; it was not light there." Respondent had not been in the place before and did not know of the trap-door. We think there was sufficient evidence here to take the case to the jury. In *Stone v. Smith-Premier Typewriter Co.*, 48 Wash. 204, 93 Pac. 209, we said:

"The law requires a storekeeper to maintain his storeroom in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety. A customer entering a store of this character is required to use that degree of care and prudence which a person of ordinary intelligence, care and prudence would exercise under the same circumstances. As to whether Mrs. Stone exercised that degree of care and prudence in this instance is a question upon which we think reasonable minds might differ. This being true, it became a question of fact for the jury."

See, also, *Emmons v. Charlton & Co.*, 63 Wash. 276, 115 Pac. 163.

Appellants rely upon the case of *Dunn v. Kemp & Hebert*, 36 Wash. 183, 78 Pac. 782. In that case the stairway was an ordinary one protected by railings

and plainly visible to one approaching it; while here there was apparently nothing to indicate the presence of an open trap-door in the floor. The room was a little dark. It was not light there. One of the two pool-tables was near, and no doubt obscured, the trap-doorway. If there was nothing to call respondent's attention to the danger, he had a right to assume the place was safe. Appellants insist the respondent was a mere licensee, and therefore they owed him no duty to maintain a safe place for him. The evidence shows that the pool-room was for use by the public and any one was invited to go there. More than this, as respondent testified, he went there on business to await the pleasure of one of the appellants. He was, therefore, an invitee. *Gasch v. Rounds,* 93 Wash. 317, 160 Pac. 962.

We are satisfied that the court was required under the law to submit the case to the jury.

The judgment appealed from is therefore affirmed.

Holcomb, C. J., Fullerton, Tolman, and Bridges, JJ., concur.