[No. 24527. Department Two. December 12, 1933.]

DONNA WATSON, *Appellant,* v. THEODORE H. ZIMMERMAN, *Respondent.*[1]

*Edward H. Chavelle,* for appellant.

*Roberts, Skeel & Holman* and *Tyre H. Hollander,* for respondent.

GERAGHTY, J.—This action was brought by plaintiff, Donna Watson, against defendant, Theodore H.

Zimmerman, doing business as Pay'n Pakit, for personal injuries resulting from a fall in defendant's store. From a judgment of nonsuit, the plaintiff appeals.

Respondent conducted a grocery store in the city of Wenatchee. The store covered a large ground floor area. About twenty feet back from the front entrance, there was a counter where a clerk would be stationed to check purchases and receive payment from the customers as they passed out. As customers entered the store, they passed to the right of the counter and entered an aisle where goods were on display. This aisle passed to the rear of the store and around on the other side, where customers passed out and came to the checking counter.

The appellant, on the morning of the accident, had entered the store and proceeded to the right aisle, and, after making her selection of goods, came out on the other side and up to the checking counter. After settling for her purchases, she proceeded toward the front entrance. When within about six feet of the door, she slipped and fell. She raised herself up and fell a second time. The fall resulted in the alleged injuries for which she sued.

Appellant and another witness, who was in the store at the time, testified that the floor apparently had been recently oiled, and that, in the area in which she fell, variously estimated at six or eight feet, there was considerable oil on the floor. It is referred to sometimes as a pool, but this was hardly a correct description. The condition was rather that of several small pools where the oil had settled in depressions in the wood floor. The floor had been worn in spots by use. It would appear that the oiling had been done the night before.

Appellant and the other witness testified that, after

appellant's fall, the clerk in attendance said there was too much oil on the floor, and that it should have been rubbed off. Appellant herself testified that she did not observe the oil. She had been in the store several times before. She knew that the floor had been oiled. It was a custom in Wenatchee to oil the floors of stores for the purpose of laying the dust. In entering the store, the appellant did not pass over the place where she fell, but to the right on her way to the aisle.

At the conclusion of appellant's case, upon motion of respondent the court withdrew the case from the further consideration of the jury, granted a nonsuit and entered a judgment of dismissal. The trial court held the appellant guilty of contributory negligence in the failure to observe the dangerous condition of the floor.

■ We are not able to agree with the court's conclusion. We think the issue of appellant's contributory negligence, under the circumstances, was one for the jury to determine. As we have seen, all of the floor had been oiled. The appellant had proceeded in safety from her entry into the store, through the aisles, and back to the checking clerk's station. She might well assume that the way from this point to the front entrance was equally safe. The presence of the oil was not challenging enough to attract her attention to it. She was not required to keep her eyes on the floor at every step in her progress toward the front entrance.

The principles announced in the case of *Stone v. Smith-Premier Typewriter Co.*, 48 Wash. 204, 93 Pac. 209, are, we think, controlling here. That was a case where the plaintiff entered a store and stopped at a counter to look at some hats. She then walked on to another counter at the rear of the store, and in

doing so she passed a trap door. She did not see the trap door, or opening, and testified that she had never seen them and did not know of their existence, although she had traded in the store at various times during the period of four years. While looking at some hats at the rear of the store, she stepped back to make room for a clerk, and in doing so stepped into the opening and fell down the stairway. The trial court took the view that she must have seen, or might have seen, the opening, and was therefore guilty of contributory negligence which defeated her right to recover. In an opinion reversing the lower court, this court said:

"The law requires a storekeeper to maintain his storeroom in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety. A customer entering a store of this character is required to use that degree of care and prudence which a person of ordinary intelligence, care and prudence would exercise under the same circumstances. As to whether Mrs. Stone exercised that degree of care and prudence in this instance is a question upon which we think reasonable minds might differ. This being true, it became a question of fact for the jury. We think the facts herein shown clearly distinguish this case from that of *Dunn v. Kemp & Herbert*, 36 Wash. 183, 78 Pac. 782, which is relied upon by respondents."

That case clearly defines the relative rights and duties of the owner and customer, and is controlling here. We think the lower court imposed an unwarranted degree of accountability upon appellant.

The judgment will be reversed, and the case remanded for a new trial.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.