[No. 25403. Department One. March 12, 1935.]

MARIAN CANFIELD TYLER, *Respondent*, v. F. W. WOOLWORTH COMPANY, *Appellant.*[1]

*Preston, Thorgrimson & Turner,* for appellant.

*Scott Calhoun (Grant Calhoun,* of counsel), for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court without a jury. At the conclusion of the plaintiff's evidence, the defendant moved for a dismissal, on the alleged ground that no negligence was shown, and that, if there was negligence, the plaintiff was guilty of contributory negligence; which motion was overruled. The defendant elected to stand upon the case as it then was, and offered no evidence in its own behalf. The parties stipulated that the trial judge should visit the place of the accident, and take any

[1]Reported in 41 P. (2d) 1093.

measurements that he cared to take. After viewing the place of the accident, the trial judge, in an oral opinion from the bench reviewing the evidence and detailing what he had learned by observation, sustained the right of the plaintiff to recover. Findings of fact and conclusions of law were entered in accordance with the oral opinion. The judgment was for twelve hundred dollars, from which the defendant appeals.

The appellant is a corporation, and conducts a store in the city of Seattle, which faces west on Third avenue, in about the center of the block between Pine and Pike streets. The building in which the store is conducted is approximately sixty feet wide, and has three entrances. At each entrance, there is a wedge-shaped ramp or aisle, extending from the sidewalk to the doors, which are approximately six or seven feet back from where the building meets the sidewalk. The wide end of the wedge is at the sidewalk, and is approximately nine or ten feet wide. The narrow end is approximately five feet wide, and the doors into the building are at this end. The front of the building is glass, as well as the sides of the ramps. The north ramp is flush or coincident with the level of the sidewalk, as is the center one. From the south ramp, there is a step down to the sidewalk, which is approximately six inches at the north end and eight inches at the south. This ramp declines about three inches from the end where the doors are to the edge of the sidewalk.

Sometime during the afternoon of Saturday, November 18, 1933, the respondent came from the north down Third avenue, entered the store at the north ramp, which, as stated, was flush with the sidewalk, for the purpose of making a small purchase or two. After making the purchases, she left the store through the

south ramp. She had not been in the store previous to this time, and did not know that there was a step at this entrance. At the time she attempted to leave the store through the south ramp, that ramp was crowded with customers entering the store, and it was necessary for her to edge her way through these to get out. When she reached the step, not knowing it was there, she fell and sustained the injuries for which recovery was had. The nature of the appellant's business and the character of its merchandise were such as to attract crowds to the store at certain times.

The only question is whether there was any negligence chargeable to the appellant. The law requires a storekeeper to maintain his storeroom and the entrance thereto in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety. On the other hand, a customer entering a store is required to use that degree of care and prudence which a person of ordinary intelligence, care and prudence would exercise under like or similar circumstances. *Watson v. Zimmerman,* 175 Wash. 410, 27 P. (2d) 707.

In the storeroom cases, this court has denied recovery where the stairway was in plain view of the injured person and, if such person had exercised reasonable care, he would have seen it. On the other hand, it has permitted recovery where the stairway was "dangerously located or was unprotected or was poorly lighted, or tended to form a trap." *Stone v. Smith-Premier Typewriter Co.,* 48 Wash. 204, 93 Pac. 209; *Emmons v. Charlton & Co.,* 63 Wash. 276, 115 Pac. 163; *Driscoll v. Devenere,* 110 Wash. 307, 188 Pac. 408; *Johnson v. Smith,* 114 Wash. 311, 194 Pac. 997.

The mere fact that a step up or down, or a flight of

steps up or down, is maintained at the entrance or exit of a building, is no evidence of negligence, if the step is in good repair and in plain view. *Hollenbaek v. Clemmer*, 66 Wash. 565, 119 Pac. 1114, 37 L. R. A. (N. S.) 698. If the step is properly constructed, but poorly lighted, and by reason of this fact one entering the store sustains an injury, recovery may be had. On the other hand, if the step is properly constructed and well lighted, so that it can be seen by one entering or leaving the store, by the exercise of reasonable care, then there is no liability.

In *Dunn v. Kemp & Hebert,* 36 Wash. 183, 78 Pac. 782, it was held that a plaintiff, who was a customer in the store of the defendant and sustained an injury by falling down a stairway which was protected on all sides, except the entrance, and was well lighted, could not recover, because, if she had looked, she could have seen the stairway.

In *Emmons v. Charlton & Co.*, 63 Wash. 276, 115 Pac. 163, it was held that the plaintiff could recover for falling down a stairway in a store, because the stairway was not lighted and was obscured by tables and wares, and the customer at the time of the falling was jostled by the crowd then in the store, as she went straight ahead past the stairway without being able to see it, and fell down as she stepped aside in meeting a person going in the opposite direction.

In the opinion in that case, the court recognized the similarity between it and the case of *Dunn v. Kemp & Hebert, supra,* and pointed out the distinction between the two cases. It was there said:

"There is much similarity between that case and this. There are these distinctions, however, which seem to be very material. The stairway in the *Dunn* case was an ordinary stairway, protected on both sides by railings and tables next thereto. These things

marked the stairway so that from a distance it was visible to one approaching it; while in this case the stairway was obscured by tables and wares, so that it was not visible to one approaching it until arrival upon it. In this case, also, the aisles in the store appear to have been crowded with patrons, which was not unusual; so that the plaintiff was compelled to move along with the crowd, and naturally would not be looking for a stairway in the path of her progress. She testified that she was going straight ahead, following the crowd, when she fell into the stairway, not suspecting there was any stairway on that floor. These distinctions seem to be material, because they show that the stairway in this case was in the nature of an open trapdoor in the line of ordinary travel in the store, rather than an ordinary stairway plainly visible as in the *Dunn* case.''

The case now before us, it appears to us, falls within the holding in the *Emmons* case, last cited. The respondent, as she attempted to leave the store through the south entrance, without any knowledge of the step, and edged her way through the crowd, had no opportunity of seeing or knowing that the step was there. There was no railing in the center of this ramp to separate the patrons entering the store from those leaving; neither was there any warning sign. Whether a step or stairway is obscured by lack of light or by a crowd entering the store, which the appellant should have anticipated would occur, the effect is the same. We find nothing in this case from which it could be concluded that the respondent was guilty of contributory negligence.

This case differs from the *Hollenbaek* case, *supra,* in that there the step was properly lighted. It differs from the case of *Chilberg v. Standard Furniture Co.,* 63 Wash. 414, 115 Pac. 837, 34 L. R. A. (N. S.) 1079, in that there the facts are entirely different, and the case does not involve a step or stairway.

130

Subsequent to the taking of the appeal in this case, the respondent died, and the executor of her will has been substituted as the party respondent.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, BEALS, and GERAGHTY, JJ., concur.