[No. 25692. Department One. August 15, 1935.]

SOPHIA ENGDAL, *Respondent*, v. OWL DRUG COMPANY, *Appellant*.[1]

MAIN, J., dissents.

*J. Speed Smith* and *Henry Elliott, Jr.*, for appellant.

*George Olson* and *W. H. Cook*, for respondent.

GERAGHTY, J.—This action was brought by the plaintiff to recover for personal injuries sustained by her

[1]Reported in 48 P. (2d) 232.

in a fall in a store conducted by the defendant in the city of Seattle. The case was tried to the court and jury, and a verdict returned in plaintiff's favor. The defendant appeals from the judgment entered upon the verdict.

The main entrance to appellant's store was from the west, off Third avenue. The floor space was broken by counters, tables and platforms, used for the display of merchandise and forming aisles or passageways for the accommodation of patrons.

The respondent entered the store for the purpose of making a small purchase at the candy counter. This counter faced an east and west aisle four and one-half feet wide. On the opposite, or south, side of the aisle there was a large square post, a structural part of the building. On the east side of the post, appellant maintained a scale for the use of patrons in weighing themselves. This scale was of the type in common use in drug and other stores. The upright part of the scale was flush with the post. The platform at the base extended out about eighteen inches and was slightly over six inches in height from the floor. The platform did not extend into the aisle, but was parallel with it. On the opposite side of the post there was maintained a small table for exhibiting merchandise.

The respondent testified that, after reaching the candy counter, she stood there speaking to the girl in charge for about two minutes. While there, another woman came rapidly to the counter. Respondent, in making way for her, stepped backward, tripped over the scale, and fell to the floor, sustaining the injuries sued upon. Respondent testified that, while she saw the table and post as she moved easterly, she did not notice the scale behind the post.

The negligence charged by respondent consisted in the maintenance of the scale in the position we

have described. The appellant denied negligence and pleaded contributory negligence on the part of respondent.

The errors assigned by appellant are the denial of its challenge to the sufficiency of the evidence at the end of respondent's case; the denial of its motion for a directed verdict at the conclusion of the evidence; and the denial of its motion for judgment notwithstanding the verdict. These assignments present two questions: First, whether there was any evidence upon which the jury could base a finding of primary negligence on the part of appellant; and second, whether the evidence showed conclusively that the respondent was guilty of contributory negligence.

The mere happening of the accident in appellant's store, with the resulting injuries to respondent, does not of itself charge the appellant with negligence.

"Negligence is not presumed, but is to be proven as a fact. Nor does the law charge as negligence an act which may result in harm to another, unless the consequences of the act are such as could have been reasonably foreseen and guarded against." *Mayhew v. Yakima Power Co.,* 72 Wash. 431, 130 Pac. 485.

The owner is not an insurer of the safety of patrons coming into his store upon invitation. It is not the law that every accident establishes a cause of action warranting recovery by the injured party. Accidents often occur for which no one is to blame.

"The law requires a storekeeper to maintain his storeroom and the entrance thereto in such a condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety." *Tyler v. F. W. Woolworth Co.,* 181 Wash. 125, 41 P. (2d) 1093.

Tested by these standards, we are to inquire whether the maintenance of the scale upon which respondent

tripped was a negligent breach of the duty appellant owed respondent as a customer entering its store upon invitation.

Such weighing devices are in common use in drug stores and other much frequented places of business. They are maintained for the use of customers and, like show cases and tables used for exhibiting merchandise, are a part of the equipment of large stores.

In this instance, the scale was placed behind a post somewhat over a foot square and, as would appear from the map and photographs, out of line of travel. It, with the post and display table on the other side, formed the south boundary of the aisle in which the respondent stood. Could the appellant, as a reasonably careful and prudent storekeeper, have foreseen that, placed in this position, the scale might cause accident to one of its customers? To answer this question in the affirmative would, we think, be subjecting the appellant to the observance of a standard not warranted by the law as deduced from our decisions. With an aisle width of four and one-half feet, the owner could not reasonably forecast that some customer might sometime step backward and trip over the scale standing out of the line of travel through the aisle.

"Where an ordinary device, such as this platform, customarily used in stores for the display of goods, is placed in a well-lighted position, is plainly observable, with nothing to conceal its presence and outlines, and with sufficient passageways going by it, the shopkeeper should not be held negligent as to one heedlessly colliding therewith. *Johnson v. Ramberg,* 49 Minn. 341, 51 N. W. 1043; *Albachten v. Golden Rule,* 135 Minn. 381, 160 N. W. 1012; *Dehn v. Buck,* 165 Minn. 310, 206 N. W. 435; *Merrill v. Morris Court, Inc.,* 180 Minn. 565, 231 N. W. 231; *Hart v. Grennell,* 122 N. Y. 371, 25 N. E. 354; *Reed v. L. Hammel Dry Goods Co.,* 215 Ala. 494, 111 So. 237; *Mullen v. Sensenbrenner* (Mo. Sup.) 260 S. W. 982, 33 A. L. R. 176 and note 2, page 188.

To hold otherwise would impose too high a degree of care upon a shopkeeper and in effect make him an insurer of the safety of customers." *Smith v. Emporium Mercantile Co.,* 190 Minn. 294, 251 N. W. 265.

In reaching our conclusion that the respondent did not make a case for the jury, we have not overlooked the well recognized principle that the court possesses no element of discretion in passing upon motions for a directed verdict or for judgment notwithstanding the verdict, and that the motion will be granted only where there is absence of any evidence, or inference from evidence, upon which reasonable minds might differ. We are of the opinion that there is here a total lack of any evidence of negligence on the part of the appellant.

Our conclusion on this issue makes unnecessary the consideration of appellant's contention that the respondent herself was guilty of contributory negligence.

The judgment will be reversed, and the cause remanded with direction to dismiss the action.

TOLMAN, BEALS, and STEINERT, JJ., concur.

MAIN, J. (dissenting)—As I view this case, the facts are such as to present a question for the jury to decide, rather than a question of law for the court. In my opinion, the judgment should be affirmed, and I therefore dissent.