[No. 27415. Department One. August 12, 1939.]

F. A. KENNETT, *Respondent*, v. FRANK A. FEDERICI *et al.,* *Appellants.*[1]

[1]Reported in 93 P. (2d) 333.

*Ballinger, Hutson & Boldt,* for appellants.

*Vanderveer & Bassett,* for respondent.

STEINERT, J.—Plaintiff brought suit to recover damages for personal injuries alleged to have been sustained by him as the result of slipping on the floor of a cafeteria owned and operated by defendants. Trial by jury eventuated in a verdict in defendants' favor.

The court granted plaintiff's motion for a new trial specifically on the grounds that certain instructions, although correct in law, were repetitious; that another instruction, though correct, was without the issues; and that still another was misleading. From the order thus disposing of the case, defendants have appealed.

Appellants make two contentions on the appeal: (1) That, in any event, the evidence was insufficient to support a verdict for respondent, and (2) that there was no prejudicial error attendant upon the giving of the particular instructions. Respondent, having a different theory of the law applicable to the case, presents an additional question under which he contends that the controlling instructions were incorrect, constituting prejudicial error.

We will consider first the matter of the alleged insufficiency of the evidence.

Respondent's testimony, summarized and stated in narrative form, was as follows: For several years prior to 1937, Frank A. Federici, who will be referred to as if he were the sole appellant, operated a cafeteria lunchroom in the business section of Seattle. The food was customarily served to patrons from glass-partitioned counters arranged along one side of the room. On the opposite side was a row of booths, to which the patrons, after being served, carried their trays for the purpose of eating their meals. A center aisle about six feet in width extended the length of the room, at the rear of which was a water dispensary with glasses for use by the patrons. The floor of the room was smooth and had a polished surface.

At about noon, April 10, 1937, respondent met his friend of many years, W. H. Woolridge, at the entrance of the cafeteria, and the two men went inside to have lunch together. After selecting their food at the service counter, they carried their trays across the aisle

and deposited them on a table in one of the booths. Respondent then started toward the rear of the room to get a glass of water. He had taken but a few steps when his right foot slipped on a greasy spot, which he had not previously observed. He at once tried to stop, but his left foot also slipped, whereupon he quickly caught hold of a post, and thus saved himself from falling. In doing so, he experienced a stinging sensation in the right groin. However, he continued his course toward the rear, procured a glass of water, returned to the booth, and sat down. As he did so, he was again seized with a severe pain. On his return to the booth, a woman employee was mopping the floor at the place where, in slipping, he had left several skid marks. Respondent's conversation with the woman is reported in a single paragraph of his testimony, as follows:

"I said something about there being grease on the floor and 'I came near taking a nasty spill.' And she said something to the effect that some customer had spilled it and she hadn't had time yet to clean it up."

Respondent had been in the lunchroom about five minutes when the accident happened, and during that time nothing had been spilled on the floor.

After eating his lunch, respondent left the place with his friend and subsequently went home alone in a street car. He made no complaint or report of the accident to the appellant.

After the pain in respondent's right side had subsided, a soreness developed, and a few months later it was found, upon examination by a physician, that respondent had a small hernia. In the following January, which was nine months subsequent to the accident, respondent, without any previous notice to appellant, filed suit to recover damages for the injuries alleged to have been sustained.

Respondent's testimony concerning the occurrence, including the statement made by the woman employee, was corroborated by the testimony of his companion Woolridge.

Appellant's evidence was confined to the testimony of himself and that of the former woman employee. Appellant testified that he had operated the cafeteria about ten years; that he had twenty-four employees, of whom twelve were on duty during the noon hour; that four of these served the patrons at the counter and one or two girls attended to removing the dishes and food left on the tables or dropped on the floor; that between four hundred and five hundred people usually ate in the cafeteria during the daily noon period, from eleven o'clock a. m. to two o'clock p. m.; that the place was swept and mopped regularly three times a day, once in the forenoon and twice in the afternoon and evening; that he knew nothing about the accident and had not heard of it until the summons and complaint were served upon him.

The other witness called by appellant was the woman designated by respondent as the person who had mopped the floor after he had slipped thereon. At the time of the trial, she was no longer in the employ of appellant. She testified that she had seen respondent in the cafeteria on a number of occasions, but was not acquainted with him. On both direct and cross-examination, she stated repeatedly that she had no recollection whatever of the accident and could not recall that she had ever had any conversation with respondent. She testified that the floor was swept regularly three times a day, and that sweeping and cleaning were among her duties while she was on shift; that she, as well as the other employees, had frequent occasion to remove particles of food dropped by customers, and

that, according to the rule of the house, it was done as quickly as possible.

■■ Appellant's first assignment of error relates to the statement made by the former waitress while mopping the floor. No issue is raised against the competency of the declaration, as evidence, but the argument challenges the sufficiency of such evidence alone to support the burden cast upon respondent of showing appellant's knowledge of the substance on the floor.

Appellant proceeds upon the rule, well established in this state, that evidence of verbal declarations of the adverse party, where there are no corroborating facts or circumstances, is not sufficient to sustain a verdict of a jury upon a vital issue. *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165; *Jones v. Harris,* 122 Wash. 69, 210 Pac. 22; *Low v. Colby,* 137 Wash. 476, 243 Pac. 18, 247 Pac. 475; *Commercial Importing Co. v. Wear,* 180 Wash. 669, 41 P. (2d) 777.

In each of those cases, however, the alleged declarant denied that he had made the statement attributed to him. In this case, the woman declarant did not deny making the statement. She merely testified that she had no recollection whatever concerning it or the transaction with which it was connected.

Evidence of the admission of a material fact by an adverse party or by his agent acting within the scope of his authority, if undenied when full opportunity for denial is afforded, constitutes substantial evidence of such fact.

In the case of *Wiard v. Market Operating Corp.,* 178 Wash. 265, 34 P. (2d) 875, it appeared that the plaintiff, a woman, had slipped on a greasy spot on the floor of a restaurant, thereby sustaining severe injuries. At the trial of the case, the plaintiff testified that, immediately following the accident, the lady in charge of

the restaurant made certain verbal admissions showing actual notice to her of the condition of the floor. Upon that phase of the case, we pointed out certain distinguishing features between it and other cases and said:

"Furthermore, the persons to whom the admissions were attributed in the *Ludberg* and *Jones* cases took the stand and denied making them. Here Miss Malloy took the stand, but did not deny making the statements attributed to her by appellant. Under the circumstances disclosed by this record, we think the evidence of her statements, undenied as they were, constitutes substantial proof of constructive notice to respondent of the presence of the spot of grease on the floor. We know of no more convincing proof of a fact than evidence of its admission, when the person to whom the admission is attributed, having the opportunity, fails to deny it."

Upon the authority of the *Wiard* case, we conclude that the alleged statement by the woman employee, undenied by her, taken in connection with the other facts and circumstances shown by the evidence, was sufficient to take the case to the jury, under proper instructions by the court.

Appellant next assigns as error the granting of a new trial. His contention is that the instructions, upon which the motion was granted, were not repetitious; and that, even if they were, no prejudicial error arose therefrom. We shall not discuss that assignment, because we have come to the conclusion that certain of the instructions prejudicially placed a burden of proof upon respondent inconsistent with the law applicable to the situation as developed upon the trial.

The question we are now about to discuss goes to the heart of the case, was the basis of respondent's motion for a new trial below, was fully argued in the briefs on appeal, and necessarily requires a decision

for the guidance of the trial court upon further proceedings.

In three separate instructions, phrased in different terms, the court informed the jury that, in order to return a verdict for respondent, it must find, among other things, *that respondent had proven* by a preponderance of the evidence that appellant, or his employee, had knowledge, whether actual or constructive, of the presence of the greasy substance on the floor *for such a length of time prior to the accident* as would have enabled appellant, by the exercise of reasonable care, to remove such substance before respondent slipped on it. By those instructions, there was placed *upon respondent* the burden of showing that, even if appellant had *actual* knowledge of the presence of the substance on the floor, such knowledge must nevertheless have been for a sufficient length of time to have enabled appellant to remove it. The vice of these instructions lay, not in the statement of the rules of law by which appellant's negligence or exculpation from negligence was ultimately to be determined by the jury, but in the statement concerning the burden of proof on those respective questions.

■ The law in this state with reference to the liability of storekeepers or restaurateurs for injuries sustained by their patrons through defective condition of the premises is now quite definitely settled. A storekeeper is required to maintain his storeroom in such a condition as a reasonably prudent and careful storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety. *Stone v. Smith-Premier Typewriter Co.*, 48 Wash. 204, 93 Pac. 209; *Watson v. Zimmerman,* 175 Wash. 410, 27 P. (2d) 707; *Tyler v. Woolworth Co.,* 181 Wash. 125, 41 P. (2d) 1093; *Engdahl v. Owl Drug Co.,* 183 Wash. 100, 48 P. (2d) 232; *Shumaker v. Charada*

*Inv. Co.,* 183 Wash. 521, 49 P. (2d) 44; *Barnes v. J. C. Penney Co.,* 190 Wash. 633, 70 P. (2d) 311; *Knopp v. Kemp & Hebert,* 193 Wash. 160, 74 P. (2d) 924.

As a corollary to that rule, it has been established in this jurisdiction that, where negligence is predicated upon the failure to keep the premises in repair or in a reasonably safe condition, it must be shown that the defective condition has *either* been brought to the notice of the defendant *or* has existed for such time as would have afforded him sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger. *Wiard v. Market Operating Corp.,* 178 Wash. 265, 34 P. (2d) 875; *Riley v. Pacific Outfitting Co.,* 185 Wash. 497, 55 P. (2d) 1058.

It will be observed that the customer or patron is not under a double duty in the matter of proof, but only under an alternative duty. He may show actual knowledge on the part of the storekeeper or he may establish constructive knowledge by showing that sufficient time has elapsed for the storekeeper, by the exercise of reasonable care, to have remedied the defect. But the party complaining is not required to establish both alternatives.

When the customer or patron has shown actual knowledge, he has made a *prima facie* case of liability. If the storekeeper would then exculpate himself, he must show that, despite his knowledge, he has not had sufficient time, by the exercise of reasonable care, to correct the defective condition. In the first instance, the customer has the burden of proof, but in the matter of exculpation the storekeeper has the burden. The burden of each, respectively, is to prove his contention by a preponderance of the evidence in the case.

Respondent's evidence, tending to show existence of the grease spot on the floor and actual knowl-

edge thereof by the employee acting within the scope of her authority, made a *prima facie* case of negligence, and the burden of establishing exculpation was upon appellant.

At the same time, however, respondent offered evidence, through the alleged statement of the employee, upon which appellant could rely as tending to prove that he had not had sufficient time, by the exercise of reasonable care, to put the floor in proper condition. But it could not be said, as a matter of law, that such evidence of exculpation was conclusive. It became a question for the jury to determine upon all of the evidence and under proper instructions whether or not exculpation had been established by a preponderance of the evidence.

By the court's instructions, however, the jury was told that respondent was required to carry not only his own burden with respect to actual knowledge, but that of appellant as well. To that extent, the court erred upon the vital issue in the case, and, manifestly, such error was prejudicial. Since the verdict was unfavorable to respondent, he is entitled to a new trial upon proper instructions.

The other errors complained of by respondent in the matter of instructions will in all probability not occur upon another trial, and hence it is unnecessary to discuss them.

For the reasons above given, the order granting a new trial is affirmed.

BLAKE, C. J., MAIN, ROBINSON, and JEFFERS, JJ., concur.