[No. 26316.  *En Banc.*  July 15, 1937.]

MABEL BARNES, *Respondent*, v. J. C. PENNEY COMPANY, *Appellant.*[1]

[1]Reported in 70 P. (2d) 311.

*Palmer, Askren & Brethorst, B. E. Lutterman,* and *Hughes & Hughes,* for appellant.

*C. B. Conner,* for respondent.

BEALS, J.—Defendant corporation owns and operates a department store in the city of Wenatchee. In her complaint, plaintiff alleged that, during the month of August, 1935, she visited defendant's store, and after completing a purchase was walking down an aisle thereof; that, as she turned into an intersecting aisle, a small child, riding a tricycle belonging to the store, collided with plaintiff, throwing her violently to the floor; that, as a result of injuries so received, plaintiff suffered much pain and was rendered lame and incapable of following her occupation for a considerable period of time. Plaintiff demanded judgment for over $2,600, as compensation for her injuries.

The issues being regularly made up, the action was called for trial before a jury, and at the close of plaintiff's case, the defendant moved for a judgment of nonsuit, upon the ground that plaintiff's evidence disclosed no cause of action against the defendant. The court granted the motion, but later reconsidered its ruling and granted plaintiff's motion for a new trial, and from this latter order defendant has appealed.

Respondent's motion for a new trial was based upon the following grounds:

"(1)  That the order dismissing said action was and is contrary to the law and not supported by the evidence.

"(2)  That the order dismissing said action is contrary to the law and the evidence."

The order granting the new trial simply recites that it appeared to the court "that plaintiff's motion for a new trial should be sustained," and accordingly granted the same.

■  In ruling upon a motion for a nonsuit introduced at the close of a plaintiff's case, there is no place for the exercise of judicial discretion, the one question to be considered being whether, as matter of law, the plaintiff has made a case which should be submitted to the trier of the facts.

■  Under these circumstances, an appeal from an order granting a new trial brings before the appellate court only the question of law whether or not the trial court was correct in its ruling upon the motion for a nonsuit.

In the case of *Grant v. Huschke,* 70 Wash. 174, 126 Pac. 416, an order granting plaintiff's motion for new trial, made after the rendition of a verdict in favor of the defendant, was reversed.  In the course of the opinion, this court said:

"The respondent argues that the granting of a new trial is a matter of sound discretion, and that, where that discretion has not been abused, the judgment will not be disturbed.  The rule stated is correct when the discretion of the court is exercised upon the facts, but it is not correct where it is exercised upon questions of law.  In such cases the ruling of the court will be treated the same as a ruling upon any other legal question arising in the progress of the trial, and this court will determine its correctness independently of the judgment of the trial court.  [Citing cases.]"

Respondent relies upon the rule laid down in *State v. Cornell,* 152 Wash. 120, 277 Pac. 458, in which the state appealed from an order granting defendant's motion for a new trial made after his trial and conviction on a criminal charge. In the case cited, in granting the motion for new trial the trial court exercised its discretion, the record showing that the jury had passed upon disputed questions of fact. The situation was different from that here presented, and the case cited and other authorities laying down the same rule are not here in point.

During the trial, it was stipulated that the tricycle on which the child was riding at the time of its collision with respondent was the property of appellant and was on exhibition for sale in its store. It is also admitted in the record that appellant owns and operates a general merchandise store in the city of Wenatchee, and that, in connection with this business, it employs numerous agents and clerks. It appears beyond question that respondent, while walking along an aisle in appellant's store, was struck by the tricycle, and that, as a result of the collision, she suffered severe injuries. No question of contributory negligence is presented by the evidence, the only question to be considered being that of whether or not respondent's evidence shows liability on the part of appellant.

Respondent relies upon the well recognized rule that a nonsuit may be granted only when the plaintiff's evidence, together with all the inferences which a jury can justifiably draw therefrom, is insufficient to support a verdict in favor of the plaintiff, and that, in a jury case, the court cannot, in ruling upon a motion for nonsuit, weigh the evidence, but must consider it at its face value, together with all reasonable inferences which the jury might draw therefrom.

On the facts, respondent relies upon the doc-

trine stated by this court in the case of *Riley v. Pacific Outfitting Co.*, 185 Wash. 497, 55 P. (2d) 1058, as follows:

"The law requires a storekeeper to maintain his storeroom . . . in such condition as a reasonably careful and prudent storekeeper would deem sufficient to protect customers from danger while exercising ordinary care for their own safety. He is not an insurer of the safety of the customers that enter the store."

In the case of *Dickey v. Hochschild, Kohn & Co.*, 157 Md. 448, 146 Atl. 282, the court of appeals of Maryland, in discussing this question, used the following language:

"It is well settled that one who enters a store for the purpose of purchasing articles offered for sale there, or even for the purpose of inspecting them, is an invitee, and that the proprietor owes to such person the duty of exercising ordinary care to see that the place where such articles are displayed and the approaches thereto are in such a condition as not to imperil him, so long as he himself exercises ordinary care."

This rule applies both to the construction of the premises and to their maintenance.

The question here to be determined is whether or not the evidence introduced by respondent would support a finding that appellant violated its legal obligation, to respondent's damage. Respondent contends that the "unreasoning impulse" rule, referred to by the United States circuit court of appeals in the case of *Wellington v. Pelletier*, 173 Fed. 908, 26 L. R. A. (N. S.) 719, applies, and that the tricycle, constituting to a child an attractive object and a temptation to put the same into operation, should not have been so placed that a child could take possession thereof and propel the same along the aisles of the store. In the case of *Wellington v. Pelletier, supra,* it appeared that

the appellant negligently left several freight cars on a spur track, after setting the brakes; that thereafter children climbed on the cars and released the brakes, causing the cars to move, to the injury of another; a very different state of facts from those in the case at bar.

While this court has several times followed the "turntable" or "attractive nuisance" doctrine, we are convinced that the case at bar does not fall within that principle. The situation here presented is so utterly different as to fall clearly without that doctrine. Respondent was required to show that the injury which she suffered was the natural or probable consequence of some negligent act or omission on the part of appellant. As above stated, appellant was required to maintain its place of business in a reasonably safe condition for the protection of its customers. The law imposes this obligation upon appellant, and it is not argued to the contrary.

A tricycle is not an appliance inherently dangerous in itself, either to a child operating the same or to others. The record is silent as to the place the tricycle stood while exposed for sale in the store. Neither is there any evidence as to how the child who was riding the same obtained possession thereof, or how long the tricycle had been in operation.

It does not appear that appellant had ever permitted tricycles to be ridden along its aisles. Respondent argues that, under the evidence, the jury would have been justified in assuming that some agent of appellant had turned the tricycle over to the child, but we do not think that, from the evidence, the jury would have been entitled to draw any such inference. It does not appear that any officer or agent of appellant had any notice whatsoever that a child was operating a tricycle along the aisles of its store.

The mere fact that the accident occurred is not sufficient to warrant a finding in respondent's favor. *Engdal v. Owl Drug Co.,* 183 Wash. 100, 48 P. (2d) 232.

■ The facts do not fall within the *res ipsa loquitur* rule, for the reason, among others, that the specific cause of the accident, to-wit, a child riding a tricycle, was definitely proven. To establish appellant's liability, respondent assumed the burden of showing some negligence on appellant's part.

■ A storekeeper is not liable to his customer for injuries sustained by the latter when such injuries are caused by the independent act of a third party. In 45 C. J. 910, the rule is laid down as follows:

"Passive negligence may constitute proximate cause if it is the direct cause of the injury. But where the negligence of one person is merely passive and potential, while the negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and fixes the liability."

The court of civil appeals of Texas, in the case of *Crump v. Hellams,* 41 S. W. (2d) (Tex. Civ. App.) 288, considering a question somewhat similar to that here presented, used the following language:

"Indeed, it appears that the injury to Mrs. Hellams was due solely to the negligence of defendant John M. Fox in opening the door of the refrigerator at the time he did open it, and that his act in so doing could not have been foreseen by appellant as likely to occur any more so, and probably not as much so, as by Mrs. Hellams herself who evidently knew of his presence at the time."

In the case of *Pardington v. Abraham,* 93 App. Div. 359, 87 N. Y. Supp. 670 (affirmed 183 N. Y. 553, 76 N. E. 1102), the court, in an action by a customer who had been struck by a swinging door, held that the negligence, if any, was that of a third person, for which

the storekeeper was not liable. In the course of its opinion, the court said:

"No doubt the plaintiff has been the victim of a lamentable accident; but it is attributable, as it seems to me, not to any fault of the defendants, but rather to the hasty carelessness of a third person, over whose movements and conduct they had no control."

In the case at bar, whether some adult person, an agent of appellant or a stranger, placed the child upon the tricycle and started him on his way, or whether the child on his own initiative started on his course down the aisle, does not appear.

The "attractive nuisance" doctrine should not be extended to such a situation as this. In the case of *Gordon v. Snoqualmie Lumber & Shingle Co.,* 59 Wash. 272, 109 Pac. 1044, 29 L. R. A. (N. S.) 88, this court quoted with approval the following language from the opinion of the supreme court of West Virginia in the case of *Ritz v. Wheeling,* 45 W. Va. 262, 31 S. E. 993, 43 L. R. A. 148:

"Almost everything will attract some child. The pretty horse or the bright red mowing machine, or the pond in the farmer's field, the millpond, canal, the railroad cars, the moving carriage in the street, electric works, and infinite other things, attract a child as well as the city's reservoir. To what things is the rule to be limited? And where will not the curiosity, the thoughtlessness, and the agile feet of the truant boy carry him? He climbs into the high barn and the high cherry tree. Are they, too, to be watched and guarded against him? As was well said in *Gillespie v. Mc-Gowan,* 100 Pa. St. 144, this rule 'would charge the duty of the protection of children upon every member of the community except their parents.' A very onerous duty!"

Of course, in the case at bar, the child using the tricycle was not hurt. The injury was suffered by another.

In 22 R. C. L. 140, the doctrine of "intervening cause" in such cases as this is stated as follows:

"The general rule seems to be that the fact that the person responsible for the intervening act is a child does not affect the case, but, if the act itself is an intervening, efficient cause, it will break the causal connection between the defendant's negligence and the plaintiff's injury, even though it is the act of an irresponsible child. In some cases the act of a child has been held to be an efficient, intervening act, but the fact that it was a child that was responsible for the act, as distinguished from an adult, is not discussed. In other cases where the injury results to the child who is himself responsible for the intervening act, the court discusses it as a question of intervening cause, although it may be that the child could not be held guilty of contributory negligence."

The supreme court of Kentucky, in the case of *Noonan v. Sheridan*, 230 Ky. 162, 18 S. W. (2d) 976, held that, as matter of law, a storekeeper was not liable to a customer for injuries sustained by the fall of a roll of linoleum, the evidence indicating that the roll was upset by boys who were playing around the store. In the course of its opinion, the court said:

"While a shopkeeper owes to those who enter his premises by invitation the duty of exercising ordinary care to keep the premises in a reasonably safe condition, yet he is not an insurer of the customer's safety. *Bridgford v. Stewart Dry Goods Co.*, 191 Ky. 557, 231 S. W. 22. The only evidence in this record which explains how this accident occurred establishes that the fall of the linoleum was caused by the boys pushing it over. There is no evidence that it would have toppled over except for the push which these boys gave it."

In the case of *Riley v. Pacific Outfitting Co., supra,* this court held that,

"Where negligence is predicated upon the alleged failure to keep the premises in repair, it is necessary,

in order to establish liability, that it be shown that the defective condition has either been brought to the notice of the defendant or has existed for such time as would afford sufficient opportunity to make proper inspection and repair any defects that might exist."

In the case cited, the plaintiff sought to hold the operator of a store responsible for injuries which she suffered as a result of a fall occasioned, as she alleged, by a defect in a stairway. The doctrine that any alleged defective condition in the building must be known to the person sought to be charged with liability, or that he should be charged with responsibility therefor because the condition had existed for such a length of time that he should have known it, was recognized by this court in the portion of the opinion above quoted.

The supreme court of Ohio, in the recent case of *Sherlock v. Strouss-Hirshberg Co.,* 132 Ohio St. 35, 4 N. E. (2d) 912, reversed a judgment in favor of one who, while a customer in the defendant's store, was injured as the result of a fall occasioned by her tripping over a footstool which was standing in an aisle. The syllabus prepared by the court reads as follows:

"1. A storekeeper owes to a customer shopping in his store the duty to exercise ordinary care to have and keep his storeroom in a reasonably safe condition. J. C. Penny Co., Inc., v. Robison, 128 Ohio St. 626, 193 N. E. 401, 100 A. L. R. 705, approved and followed.

"2. *Res ipsa loquitur* is a rule of evidence and should not be expanded into a rule of liability.

"3. Merely proving that a sewingstool or footstool was the property of the storekeeper and that a customer stumbled over it while walking along one of the aisles of the store, proximately resulting in her injury, is not sufficient to invoke the rule of *res ipsa loquitur.*

"4. In order to invoke the rule of *res ipsa loquitur* in such case, it is necessary that the party injured prove that the instrumentality causing the injury was

at the time of the injury in the sole and exclusive control of the defendant."

The plaintiff testified that she was walking along an aisle while talking to a clerk, and that she tripped over a low stool standing in the aisle, and was severely injured by the fall which resulted. In the course of its opinion, the court said:

"There is no testimony in the record to the effect that defendant, its servants, or employees placed the stool in the aisle; hence if plaintiff is to recover in this case she must recover upon the theory of *res ipsa loquitur*."

Referring to the record, the court further said:

"In order to return a verdict for plaintiff, the jury was obliged to infer from the facts proven that defendant, its servants or employees, placed the stool in question in the aisle where plaintiff stumbled over it.

"To warrant such inference, it was necessary for plaintiff to prove that defendant had sole and exclusive control over it at all times. If it is just as reasonable to infer that a customer, or the child of a customer, or an interloper of any character, placed the stool in the aisle, as it is to infer that defendant, its servants, or employees placed it there, then plaintiff cannot invoke the doctrine of *res ipsa loquitur* and she must fail in this action. . . .

"Now, under all the circumstances, who placed the stool in the aisle? Is it not just as reasonable to infer, under all the circumstances of this case, that a customer, a child, or an interloper placed it there as it is to infer that defendant, its servants, or employees so placed it? . . .

"The dictates of ordinary care do not impose unusual and unreasonable burdens. The defendant in the instant case was not required to employ a force of inspectors to watch customers at all times to see that they placed no obstacles in the aisles of the store. The employees were charged with the duty to exercise ordinary care to see that no obstructions were placed

in the aisles; but they could not be required to be both salesmen and watchmen at any and all times.

" 'The maxim *res ipsa loquitur* relates merely to negligence *prima facie* and is available without excluding all other possibilities, but it does not apply when there is direct evidence as to the cause or when the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence.' 29 Cyc. 624."

A judgment in plaintiff's favor entered by the trial court upon the verdict of a jury, and affirmed by the court of appeals, was reversed, and judgment rendered for the defendant.

The facts in the Ohio case differ from the facts in the case at bar in that, in that case, the stool was a passive agent, while in the case at bar, the child propelling the tricycle was an active agent. The principles governing the two cases, however, are closely allied.

■ Respondent here strenuously contends that the record contains evidence from which the jury might have inferred negligence on the part of appellant. By the New Standard Dictionary (edition 1920), inference is defined as

"(1) The act or process of inferring. (2) *Logic.* The derivation of a judgment or conclusion from any given material of knowledge or thought on the assumed ground of a real interdependence of things conformably to law; . . ."

31 C. J. 1181, defines inference as

"A conclusion drawn by reason from premises established by proof; a conclusion in favor of the existing one from others proved; a conclusion which, by means of data founded upon common experience, natural reason draws from facts which are proved; a deduction from facts proved; a deduction or conclusion from facts or propositions known to be true; a deduction which the trier may or may not make according to his

own conclusions; a permissible deduction from the evidence; something inferred from precedent matter, separated from which it is a mere absurdity of language."

No legal basis exists for any such inference as respondent draws from the evidence. Under the law, it is not "a permissible deduction from the evidence." The jury might have guessed that some employee of appellant might have placed the child on the tricycle, or it might have guessed that appellant had left the tricycle in such a position as to invite its appropriation by the child, but the record contains no evidence from which any such inference may legally be drawn.

The evidence in the record before us fails to disclose any negligence, active or passive, on the part of appellant; it shows nothing more than the fact of the collision between respondent and the tricycle, and injuries resulting to respondent therefrom. The trial court in the first instance correctly ruled that appellant's motion for nonsuit was well taken. The subsequent granting of a new trial was error, and the order appealed from is reversed, with instructions to enter judgment dismissing the action.

STEINERT, C. J., MAIN, BLAKE, GERAGHTY, ROBINSON, and TOLMAN, JJ., concur.

HOLCOMB, J. (dissenting)—Contrary to the opinion of the majority, there is some evidence of lack of due care on the part of the clerks and agents in neglecting to watch and see that no such attractive toy, exhibited for sale, was used by an irresponsible child in the store to the peril of the invited customers.

The order by the trial court granting the new trial was general. It does not state for what reason or upon what grounds it was granted. In such case, this court should not say that the trial court abused its discre-

tion. This court has always been reluctant to set aside the action of the trial court in granting a new trial on general grounds. *Tham v. Steeb Shipping Co.,* 39 Wash. 271, 81 Pac. 711; *Funk v. Horrocks,* 99 Wash. 397; 169 Pac. 805; *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617; *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497.

I can see no reason for disturbing the order of the trial court granting a new trial, and it should be affirmed.

MILLARD, J., concurs with HOLCOMB, J.

