[No. 281-40904-1.    Division One.    April 6, 1970.]
Panel 2

TROY W. DICKINSON *et al., Appellants,* v. JOHN W. TESIA
*et al., Respondents.*

*John E. Close, Ingram, Zelasko & Goodwin,* and *Richard
E. Goodwin,* for appellants.

*Davies, Pearson, Anderson & Gadbow, Gladys E. Phil-
lips,* and *Wayne J. Davies,* for respondents.

WILLIAMS, J.—Plaintiffs, Troy Dickinson and his wife,
sued defendants Tesia to recover for personal injuries. The
trial court granted summary judgment in favor of defend-
ants, and plaintiffs appeal. The following facts are taken
from the pleadings, affidavits, depositions, interrogatories,
and all records in the case. The material evidence and all
reasonable inferences therefrom are viewed in a light most
favorable to the appellants. *Balise v. Underwood,* 62 Wn.2d
195, 381 P.2d 966 (1963).

Respondents, who owned a park on the Wishkah River in
Grays Harbor County, invited appellants to attend a
picnic, for which there was a $2 charge. Upon arrival,

appellants observed the park to be little more than a clearing in the woods. The ground was rough, and facilities were meager. Because of a prior injury, appellant husband's left leg was 3 inches shorter than the right one and he required the aid of either a special shoe or crutches. A special shoe which he normally used was being repaired, so he was on crutches.

His wife warned him to be careful. She then assisted him to a grassy spot some 60 feet from the parking area. During the time he lay on the grassy spot, some dynamiting was done, bricks were dumped from a truck, other patrons became somewhat boisterous due to consumption of beer from a keg supplied by respondents, and a number of children played about without restriction. Because of these conditions, he decided to return to his car without first calling his wife for assistance. When he was approximately halfway to the car, some child or other person knocked one crutch from under him. He attempted to support himself on the other crutch, but it caught in a root or a rock and he fell, breaking his previously injured leg. It was subsequently amputated.

The rule governing the duties of the respective parties under these circumstances is stated in *Jurgens v. American Legion, Cashmere Post 64, Inc.*, 1 Wn. App. 39, 459 P.2d 79 (1969):

> The owner and occupier of the premises has a *duty to warn* invitees *of any dangerous conditions* which it knew of, or could have discovered with reasonable inspection, which was *not known or discoverable by the invitee using reasonable care for his own protection,* i.e., the degree of care which a man of ordinary prudence would exercise under the circumstances.

(Italics ours.) See also *Kalinowski v. Young Women's Christian Ass'n*, 17 Wn.2d 380, 135 P.2d 852 (1943); Restatement of Torts, § 343a(1).

In addition to the assignment of error on the granting of the summary judgment, appellants contend that there were genuine issues of material fact as to the duties of respond-

ents to (1) warn appellant husband of the condition of the park, particularly because of their knowledge of his physical handicap; (2) maintain the park in a reasonably safe condition; and (3) supervise the activities of persons on the premises.

As to the first contention, appellant husband admitted that he saw the physical condition of the park upon arrival. So did his wife, who warned him to "be careful." He knew the terrain was rough and that he required assistance to move to the place he selected. Under the above-stated rule, respondents were under no duty to warn appellant husband of these conditions because they were *known* to him.

Appellants' second contention, that respondents were negligent in not maintaining the park in a reasonably safe condition, is also without merit for the same reason. Respondents' park was of the rough, natural variety. This was apparent to appellant husband as he alighted from the car. If it was unsafe in his then condition, and he would be the best judge of that, he was not obligated to venture forth. It has been decided that the owner of a premises is under no duty to an invitee to reconstruct or alter known dangers. *Caron v. Grays Harbor County*, 18 Wn.2d 397, 139 P.2d 626 (1943).

The third contention concerns the construction work of respondents and the activities of the other guests and their children. The evidence fails to show a causal connection between the work, the boisterousness of the guests and appellant husband's fall. *Mehrer v. Easterling*, 71 Wn.2d 104, 426 P.2d 843 (1967). True, he decided to return to the car because of them, but they in no way interfered with his movement or in any way contributed to the fall. One of the children may have caused the fall. The presence of the children and their activities were conditions known and accepted by appellants, not only upon arrival at the park, but during the course of their stay. Since the knowledge of appellants disposes of the contention, it will not be necessary to consider the conduct of one of the

children as an intervening act. See *Barnes v. J. C. Penney Co.*, 190 Wash. 633, 70 P.2d 311 (1937).

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.