[No. 12444–7–I.   Division One.   May 9, 1985.]

JOHN LETTENGARVER, *Appellant,* v. THE PORT OF EDMONDS, *Respondent.*

*Clinton, Fleck, Glein & Linville, Richard J. Glein,* and *Kirk Portmann,* for appellant.

*William W. Baker,* for respondent.

WEBSTER, J.—The plaintiff, John Lettengarver, appeals the judgment dismissing his claim against the defendant, Port of Edmonds. The plaintiff contends that there was sufficient evidence of defendant's negligence to create a factual issue for jury determination. We reverse.

On April 29, 1980, the plaintiff was injured when he stepped from his boat and his left foot slipped off an exposed bolt on the defendant's dock. The pier on which the accident occurred was constructed in such a manner that a series of exposed bolts, together with washers and nuts, protruded from the wooden surface planking at approximately 48–inch intervals with each bolt extending approximately 1¾ inches above the surface.

The plaintiff had used his boat, which was moored on the pier, once or twice a week since 1975 and was very familiar with the pier. He testified that the bolt he had slipped on was directly in the middle of the area where he boarded and disembarked his boat. The plaintiff had stumbled over the bolts several times before but had never complained to anyone about the bolts. At the time of the accident, the plaintiff did not look to see where he placed his foot. The plaintiff testified that other boat owners who used the pier told him that they had tripped over the bolts on occasion.

A Port of Edmonds maintenance and repairman testified that subsequent to the plaintiff's accident, he was instructed by his assistant manager to lower the bolts on the pier. Under orders from the engineering firm, he later restored the bolts to their original configuration because, in lowering the bolts, the dock was thought to be less secure than it had been.

At trial, an engineer from Reid–Middleton & Associates,

the firm that designed the pier, testified that the pier, built in 1962, was one of the first designs of its type. Engineers, anticipating that wave action might cause a gradual loosening of the bolts, designed the bolts to protrude up through the dock surface in order to facilitate inspection. Through subsequent observations, the firm learned that this precaution was unnecessary and in 1968 adopted a design which eliminated the exposed bolts.

On cross examination, the engineer testified that it was probably not economically feasible to redesign and reconstruct the pier so that the bolts were not protruding. He testified that it was possible to rethread and trim the bolts so that they did not protrude but not without removing every bolt in the pier at a great expense. The engineer also testified that the firm had never considered using a tapering planking so as to cover up the protrusion.

The engineer testified that the firm had considered the safety of dock users when choosing a design. The firm, however, determined that the bolts did not pose any real danger because they were in a uniform and visible pattern and because other obstructions on the dock such as cleats and bull rails were common. During the 18 years between the date the pier first opened and the plaintiff's injury, the defendant had not received any complaints regarding the protruding bolts.

At the close of testimony, the defendant moved for a directed verdict. Finding the plaintiff had failed to establish that the defendant was negligent, the court granted the motion. This appeal follows.

■ The sole issue for review is whether the trial court erred in dismissing the plaintiff's claim for damages.

In considering a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the nonmoving party. The motion should be granted only if it is determined that there is no evidence or reasonable inferences therefrom which would sustain a jury verdict in favor of the nonmoving party.

*Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 73, 684 P.2d

692 (1984).

In order to show negligence, there must be evidence of the existence of the duty, breach of that duty, proximate cause between the breach and injury, and resulting damages. *Harbeson v. Parke–Davis, Inc.*, 98 Wn.2d 460, 468, 656 P.2d 483 (1983).

The defendant does not dispute that the owner of property has the duty to maintain the premises in a reasonably safe condition for the protection of an invitee. The defendant contends, however, that there was no evidence that the condition complained of was either dangerous or defective. In support of that argument, the defendant notes that the dock was built using the best known methods available and that it had received no complaints regarding the exposed bolts.

The mere fact that reasonable care is taken in the original construction of the premises does not mean necessarily that a defendant is free from negligence in the maintenance of those premises. Restatement (Second) of Torts § 343, comment *b* (1965) states:

> [An invitee] is entitled to expect such care not only in the original construction of the premises, and any activities of the possessor or his employees which may affect their condition, but also in inspection to discover their actual condition and any latent defects, followed by such repair, safeguards, or warning as may be reasonably necessary for his protection under the circumstances.

Nor does the fact that no one had complained to the Port about the bolts since the dock was built automatically preclude a finding of negligence. *See Greenwood v. Olympic, Inc.*, 51 Wn.2d 18, 21, 315 P.2d 295 (1957). The plaintiff testified that it was impossible to dock his boat without having any one of those bolts directly in the area where he normally disembarked his boat. It is certainly foreseeable that a person stepping onto a dock with bolts extending 1¾ inches above the surface might trip over the bolts. Reasonable minds could differ over whether it was negligent to construct or maintain a dock in such a condition. *See*

*Smith v. B & I Sales Co.,* 74 Wn.2d 151, 152, 443 P.2d 819 (1968).

The defendant argues that the plaintiff knew of the bolts and therefore, even if the exposed bolts were dangerous, the Port had no duty to reconstruct or alter this known danger. Ordinarily,

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

(Italics ours.) Restatement (Second) of Torts § 343A (1965). *Jarr v. Seeco Constr. Co.,* 35 Wn. App. 324, 326, 666 P.2d 392 (1983). Here, we cannot say as a matter of law that the defendant should not have anticipated the harm despite the plaintiff's knowledge or the obviousness of the condition. Once the initial determination of legal duty is made, as it was here, the jury's function is to decide the foreseeable range of danger, thus limiting the scope of the duty. *Bernethy v. Walt Failor's, Inc.,* 97 Wn.2d 929, 933, 653 P.2d 280 (1982).

The defendant next contends that the plaintiff produced no evidence of the purported feasibility of redesigning and rebuilding the pier facility to eliminate the exposed bolts. The plaintiff, on cross examination, elicited testimony from the engineer that alternatives, though economically infeasible, were available. The plaintiff had a right to rely on testimony elicited during cross examination as well as that elicited on direct. Whether the defendant had taken all reasonable precautions necessary to protect his invitees from foreseeable risks prior to the time the plaintiff slipped and fell was a question of fact for the jury. *Ciminski v. Finn Corp., Inc.,* 13 Wn. App. 815, 537 P.2d 850, *review denied,* 86 Wn.2d 1002 (1975).

The fact that the plaintiff himself might have been negligent in failing to look where he placed his foot was relevant to the issue of contributory negligence and proximate cause but not to the primary negligence of the defendant.

The judgment of the trial court dismissing the plaintiff's complaint is reversed and this case remanded for a new trial.

CORBETT, C.J., and RINGOLD, J., concur.