IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARY DOMBROWSKI,<br><br>                   Appellant,<br><br>         v.<br><br>CORPORATION OF THE CATHOLIC<br>ARCHBISHOP OF SEATTLE,<br><br>                   Respondent. | No. 80283-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — During a mid-day recess for students, Mary Dombrowski walked through a church courtyard to attend her book group. A basketball hit her in the back of her ankles, causing her to fall and injure her knee. Dombrowski sued the Corporation of the Catholic Archbishop of Seattle (Church) under a premises liability theory. The trial court granted the Church's motion for summary judgment. We affirm.

BACKGROUND

In March 2017, Dombrowski went to St. Cecilia's Catholic Church to attend her book group. She parked, walked past the church's main entrance, and used a well-worn footpath to traverse the courtyard towards a side entrance. Dombrowski had often used the footpath and had seen others use it.

Church staff knew that people used the side entrance, and most people used the main entrance—though, in the winter of 2014, church staff had

Citations and pin cites are based on the Westlaw online version of the cited material.

encouraged parishioners not to use the main entrance because repeatedly opening the main door made the church secretary's office cold.

The courtyard includes a basketball court with a hard surface and two hoops. Dombrowski noticed children from the church's school playing at recess in the courtyard and walked past a boy standing still and holding a basketball. After she passed, a basketball hit the back of her ankles, causing her to fall and injure her left knee.

Dombrowski brought a premises liability action against the Church. The Church moved for summary judgment dismissal. The trial court granted the motion. Dombrowski appeals.

ANALYSIS

Dombrowski says the trial court improperly granted the Church's motion for summary judgment because she raised a genuine issue of material fact as to whether the Church should have anticipated her harm.[1] The Church responds that Dombrowski has not presented a genuine issue of material fact as to whether recess presented an unreasonable risk of harm. We agree with the Church.

We review de novo summary judgments. Messenger v. Whitemarsh, 13 Wn. App. 2d 206, 210, 462 P.3d 861 (2020). "Summary judgment is appropriate

---

[1] Dombrowski also assigns error to the trial court's request for supplemental briefing on the issue of anticipation before ruling on summary judgment. But her briefing lacks any argument on this issue, so she has waived this assignment of error. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (holding a party waived its assignment of error after making no argument supporting it in briefing).

when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Id. (quoting Strauss v. Premera Blue Cross, 194 Wn.2d 296, 300, 449 P.3d 640 (2019)); CR 56(c). On such review, like the trial court, we construe all facts and inferences in favor of the non-moving party. See Messenger, 13 Wn. App. 2d at 210. "A genuine issue of material fact exists when reasonable minds could differ on the facts controlling the outcome of the litigation." Id. (quoting Dowler v. Clover Park Sch. Dist. No. 400, 172 Wn.2d 471, 484, 258 P.3d 676 (2011)).

"In premises liability actions, a person's status, based on the common law classifications of persons entering upon real property (invitee, licensee, or trespasser) determines the scope of the duty of care owed by the possessor (owner or occupier) of that property." Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 128, 875 P.2d 621 (1994). "Generally, a landowner owes trespassers and licensees only the duty to refrain from willfully or wantonly injuring them, whereas to invitees the landowner owes an affirmative duty to use ordinary care to keep the premises in a reasonably safe condition." Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 49, 914 P.2d 728 (1996). "Once the issue of legal duty is determined, it is the function of the trier of fact to decide whether the particular harm should have been anticipated and whether reasonable care was taken to protect against the harm." Id. at 54; Lettengarver v. Port of Edmonds, 40 Wn. App. 577, 581, 699 P.2d 793 (1985). But a court may decide issues of foreseeability as a matter of law where reasonable minds

cannot differ. Christen v. Lee, 113 Wn.2d 479, 492, 780 P.2d 1307 (1989).

"[F]oreseeability is a matter of what the actor knew or should have known under

the circumstances; it turns on what a reasonable person would have anticipated."

Ayers v. Johnson & Johnson Baby Prod. Co., 117 Wn.2d 747, 764, 818 P.2d

1337, 1346 (1991).

Under Washington law, the Restatement (Second) of Torts sections 343

and 343A describe a land possessor's duty to invitees.[2] See Tincani, 124 Wn.2d

at 138–39. Section 343 states:

> A possessor of land is subject to liability for physical harm caused to
> [their] invitees by a condition on the land if, but only if, [they]
>
>> (a) [know] or by the exercise of reasonable care would discover
>> the condition, and should realize that it involves an unreasonable
>> risk of harm to such invitees, and
>>
>> (b) should expect that [the invitees] will not discover or realize the
>> danger, or will fail to protect themselves against it, and
>>
>> (c) [fail] to exercise reasonable care to protect them against the
>> danger.

RESTATEMENT (SECOND) OF TORTS § 343 (1965). Section 343A states, in part:

> A possessor of land is not liable to [their] invitees for physical harm
> caused to them by any activity or condition on the land whose danger
> is known or obvious to them, unless the possessor should anticipate
> the harm despite such knowledge or obviousness.

RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965). Under these sections, an

invitee may "'expect that the possessor will exercise reasonable care to make the

land safe for his [or her] entry.' Reasonable care requires the landowner to

inspect for dangerous conditions, 'followed by such repair, safeguards, or

---

[2] The trial court indicated that it considered Dombrowski an invitee. At the summary judgment hearing, the Church disputed whether Dombrowski was an invitee; but on appeal, it agrees she was an invitee. The Church also does not dispute whether it knew or should have known of Dombrowski's presence.

4

warning as may be reasonably necessary for [the invitee's] protection under the circumstances.'" Tincani, 124 Wn.2d at 138 (alteration in original) (internal citation omitted) (quoting RESTATEMENT (SECOND) OF TORTS § 343 cmt. b (1965)). Comment a to section 343 states that the two sections should be read together. Section 343 refers only to conditions on the land, while section 343A refers to activities or conditions on the land.[3]

The parties dispute these issues: (1) whether allowing recess in an area where people walk into the church posed an unreasonable risk of harm; and (2) if it did, whether the harm was open and obvious to Dombrowski such that the Church should not have anticipated her harm. We conclude as a matter of law

---

[3] Dombrowski says that Potts v. Amis, not the Restatement, defines the Church's duty towards her. 62 Wn.2d 777, 384 P.2d 825 (1963). In Potts, the defendant landowner struck his social guest in the jaw with a golf club. Id. at 778. But Potts applies only when the defendant is *actively negligent* and does not address injuries occurring because of a condition on the land. See id. at 779–86 (reviewing cases to determine what duty a landowner holds if they injure a person on their property through active conduct). Our review of cases applying Potts and the Restatement supports this view. Compare Barker v. Skagit Speedway, Inc., 119 Wn. App. 807, 809–10, 82 P.3d 244 (2003) (applying Restatement where car at racetrack ran over plaintiff's foot) and Leek v. Tacoma Baseball Club, 38 Wn.2d 362, 363, 229 P.2d 329 (1951) (applying Restatement where a falling foul ball at a baseball stadium hit plaintiff) with Laudermilk v. Carpenter, 78 Wn.2d 92, 96, 457 P.2d 1004 (1969) (citing Potts where defendant operated an incinerator in his backyard that burned the plaintiff).

Here, as in Barker and Leek, the land possessor allowed third persons to conduct an activity on their land and through those activities an injury occurred. Unlike in Potts and Laudermilk, no "activities of the defendant are involved." Potts, 62 Wn.2d at 783. While Dombrowski claims section 343 does not apply because it refers only to conditions on land and recess is not a condition, as required, we read section 343 in conjunction with section 343A, which refers to conditions and activities.

Dombrowski also characterizes the injury-causing occurrence as a child's "careless ball-throwing" over which the Church was responsible. But Dombrowski cites no law establishing such responsibility. In each of the cases she cites for this proposition, the court addressed a school's duty to prevent harm to students, not a school's duty to prevent students from harming third parties.

that there was no unreasonable risk of harm. We also conclude that Dombrowski has not raised a genuine issue of material fact as to anticipation.

A. Unreasonable Risk of Harm

Section 343(a) subjects a land possessor to liability for physical harm caused to invitees by a condition on the land if they know of the condition, or by exercise of reasonable care would discover it, and should realize that it involves an unreasonable risk of harm to their invitees.

The Church says that allowing recess for students in an area where people sometimes walk into the church did not present an unreasonable risk of harm. We agree.

As in Leek v. Tacoma Baseball Club, nothing in the record[4] shows that children playing in the courtyard "cause[s] serious injuries with sufficient frequency to be considered an unreasonable risk." 38 Wn.2d 362, 366, 229 P.2d 329 (1951)). Certainly, Dombrowski's accident alone does not establish such frequency.

Granted, Williamson v. Allied Grp., Inc. establishes that earlier incidents are unnecessary to establish an unreasonable risk of harm. 117 Wn. App. 451, 461–62, 72 P.3d 230 (2003). There, the court ruled that a grassy slope on which the plaintiff had to ascend to reach her apartment created an unreasonable risk of harm. Id. at 462. The court stated, "We do not read Leek as standing for the proposition that a dangerous situation can be proved only if there is evidence of

---

[4] The Pastoral Assistant declared, "I am not aware of any other incidents where parishioners or visitors have been injured by students at recess."

6

prior mishaps.  Common experience indicates that slips will occur when the *only* entry to a building is an unimproved grassy slope."  Id. at 461–62 (emphasis added).

But by Dombrowski's admission and unlike Williamson, she need not have taken the path through the courtyard where she saw the children playing at recess to reach her book group inside the church.  While church staff had encouraged parishioners not to use the main entrance in the winter of 2014, Dombrowski admitted that she could have used the main entrance.  Dombrowski cites Laudermilk v. Carpenter for the proposition that "children are heedless, impulsive, and impetuous," but the case does not establish that children, on their own, necessarily present an unreasonable risk of harm.  78 Wn.2d 92, 101, 457 P.2d 1004 (1969).  Considering these facts, neither earlier incidents nor common experience indicates that recess in the courtyard created an unreasonable risk of harm.[5]

Thus, we conclude that the trial court properly granted the Church's motion for summary judgment.

---

[5] Dombrowski asserts that in Leek, a case tried without a jury, the court stated that whether the lack of overhead protection in the baseball stadium involved an unreasonable risk of harm would normally be a jury question, so the trial court here should have allowed a jury to decide the issue.  See 38 Wn.2d at 366 ("This would seem to be a jury question, had there been a jury.").  But a court may decide, as a matter of law, whether a condition created an unreasonable risk of harm.  Charlton v. Toys "R" Us—Delaware, Inc., 158 Wn. App. 906, 915, 246 P.3d 199 (2010) (holding as a matter of law that a wet floor did not present an unreasonable risk of harm).

B. Anticipation of Harm

Even if the recess created an unreasonable risk of harm, the Church should not have reasonably anticipated Dombrowski's harm despite any known and obvious danger of recess.

Under section 343A(1), a land possessor is not liable to their invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

> Comment e to section 343A states:
>
> In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers [they] will encounter if [they come]. If [they know] the actual conditions, and the activities carried on, and the dangers involved in either, [they are] free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify [them] in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that [they] will protect [themselves] by the exercise of ordinary care, or that [they] will voluntarily assume the risk of harm if [they do] not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to [them] that [they] may be expected to discover them.
>
> Comment f to section 343A further states:
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that [they] will not discover what is obvious, or will forget what [they have] discovered, or fail to protect [themselves] against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable [person] in [their] position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. . . . It is not, however, conclusive in determining

8

the duty of the possessor, or whether [they have] acted reasonably under the circumstances.

Dombrowski relies on Mucsi v. Graoch Assoc. Ltd. P'ship No. 12, 144 Wn.2d 847, 852–53, 31 P.3d 684 (2001). There, the plaintiff slipped on ice and injured himself after leaving the side exit of his apartment complex's clubhouse. The plaintiff often used the side exit when leaving the clubhouse and could see the snow- and ice-covered area outside the door before he exited. Id. at 853. In ruling that the plaintiff had presented evidence sufficient for a jury to hear his claim, the court cited section 343A comment f, and reasoned that a landowner has a duty of reasonable care when they should expect invitees will fail to protect themselves for an unreasonable risk of harm. Id. at 860, 863. Notably, it also observed that the defendant had not corrected the condition of ice and snow outside the door after two to three days, suggesting that the defendant had neglected their duty to maintain common areas. Id. at 862.

Dickinson v. Tesia, decided on section 343A(1) principles, addresses a situation more similar to the case here. 2 Wn. App. 262, 263, 467 P.2d 356 (1970). There, the plaintiff paid two dollars to enter a picnic in a park owned by the defendants. Id. at 262–63. One of the plaintiff's legs was shorter than the other, and he used crutches to walk. Id. at 263. The ground at the park was rough and others at the park had "become somewhat boisterous due to consumption of beer from a keg supplied by [the defendants]." Id. After resting at the park for a short while, the plaintiff decided to return to his car because of these conditions. Id. On his way back, a child or some other person knocked out

9

one of his crutches, causing the plaintiff to fall and injure himself. Id. The plaintiff sued the defendant park owners and the trial court ruled for the defendants on summary judgment. Id. at 262. This court affirmed, reasoning that (1) the defendants had no duty to warn the plaintiff of conditions of which he was aware; (2) in his condition, the plaintiff was the best judge to decide if he was unable to traverse the rough nature of the defendant's park; and (3) the presence of the children and activities at the park were known and accepted by the plaintiff. Id. at 264.

Similar to the plaintiff in Dickinson, Dombrowski saw children at play in the courtyard playground including a boy with a ball, and still chose to traverse it. Under comment e to section 343A, and as in Dickinson, she was free to make an intelligent choice about whether the advantage to be gained by using the courtyard entrance to the church outweighed the risk of traversing the courtyard. Consistent with comment e, the law allowed the Church to reasonably assume that Dombrowski would protect herself by the exercise of ordinary care.[6]

No evidence supports the notion that under these circumstances, the Church should have anticipated Dombrowski's injury. Thus, she has not

---

[6] By contrast, in Mucsi, the court's decision rested on a landowner's duty to keep common areas free of snow and ice. 144 Wn.2d at 856. It recognizes that, depending on the circumstances, a landowner should reasonably anticipate persons might traverse areas expected to be free of snow and ice. Id. The court reasoned that a plaintiff, in a section 343 claim, must present some evidence that the landowner failed to act reasonably under the circumstances. Id. at 862. The plaintiff there did so by presenting evidence that the landowner waited two to three days after snowfall to clear snow and ice on community walkways, even though they had snow- and ice-melting granules during that time. Id. Dombrowski presents no evidence—other than the fact that recess occurred near the walkway—suggesting that the Church failed to act reasonably under the circumstances. Id. at 856. And unlike accumulated snow and ice, children at play presented no unreasonable risk of harm.

presented a genuine issue of material fact as to whether the Church should have anticipated her harm despite the known and obvious nature of recess.

We affirm.

_Chun, J._

WE CONCUR:

_Brummer, J_     _Andrus, A.C.J._